# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

**KELLY MICHAEL VELAYAS, on behalf of African American Citizens (descendants of slaves) of the United States of America,**
***Plaintiff***

**v.**

**STATE OF MARYLAND, et al.,**
***Defendants***

§ § § § § § § § § §

**Case No. 1:23-CV-00493-RP-SH**

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Complaint (Dkt. 1) and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), both filed May 1, 2023, and Plaintiff's Motion to Recuse (Dkt. 4), filed May 9, 2023. The District Court referred this case to this Magistrate Judge for disposition of the Application and Motion to Recuse, and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

## I. Background

Plaintiff Kelly Michael Velayas, who is white, brings this purported class action civil rights lawsuit "on behalf of African American Citizens (descents of slaves)" against "all State Attorney Generals – of all Southern States – including Arizona and California." Class Action Complaint

(Dkt. 1) at 1. Plaintiff alleges that "African Americans must endure" continued discrimination, segregation, harassment, and "hindered advancement in society" due to their skin color. *Id.* at 2. Plaintiff further alleges that there is a conspiracy by white people in the United States "to perpetuate white dominance – in all facets of society." *Id.* Plaintiff alleges that these actions violate the United States Constitution, but does not state which provisions or amendments.

As his requested relief, Plaintiff asks the Court to order the named state attorneys general to order the United States to (1) "recognize the African American community as an Independent Nation"; (2) create "African American Reservations . . . of 2,000 acres each . . . for self-governance" and transfer that land "to the NAACP – with oversight by Barack Obama and Louis Farrakhan"; and (3) create new National Football League, Major League Baseball, National Basketball Association, and Major League Soccer franchises that are owned by the NAACP "with oversight by Barack Obama and Louis Farrakhan." *Id.* at 3-5.

## II. Legal Standard

In 1892, Congress enacted the *in forma pauperis* statute, now codified at 28 U.S.C. § 1915,

> to ensure that indigent litigants have meaningful access to the federal courts. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, *inter alia*, that he is unable to pay the costs of the lawsuit. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted). To prevent such abusive litigation, § 1915(e) authorizes a federal court to dismiss a claim filed *in forma pauperis* "at any time" if it determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissals on these grounds often are made sua sponte before

process issues, "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.

A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Id.* at 325. A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28)). "Some claims are so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal controversy. Federal courts lack power to entertain these wholly insubstantial and frivolous claims." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (cleaned up).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.*

## III. Plaintiff's Motion for *In Forma Pauperis* Status

Plaintiff asks to proceed in this Court without prepaying the filing fee because he "is unable to pay the costs of these proceedings." Dkt. 2 at 1.

**A. Plaintiff's Financial Status**

Under §1915(a), the district court first looks to the plaintiff's financial status to determine whether he cannot pay the filing fee. *Mitchell v. Sheriff Dep't.*, 995 F.2d 60, 62 n.1 (5th Cir. 1993). A plaintiff need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The Supreme Court has stated that "an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs and still be able to provide' himself and dependents 'with the necessities of life.'" *Id.* To determine whether a particular order causes "undue financial hardship," a court must examine the financial condition of the *in forma pauperis* applicant. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Plaintiff states in his Application that he is a self-employed contractor who earned $45,000 in the past year and has $3,000 in his savings account. Dkt. 2 at 1-2. Plaintiff also states that his regular monthly expenses are $1,117, and that he has a balance of $5,000 on his credit cards. *Id.* at 2. Based on these representations, the Court finds that Plaintiff cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court hereby **GRANTS** Plaintiff's Application for *in forma pauperis* status.

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e) to determine whether it should be dismissed for frivolousness, failure to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

**B. Review of Plaintiff's Complaint under § 1915(e)**

Federal district courts are courts of limited jurisdiction and may exercise only such power as is expressly conferred by the Constitution and federal statutes, "which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An Article III court must assure itself of its own jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States" and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332. It is to be presumed that a case lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.

Article III of the United States Constitution confines the federal judicial power to the resolution of "Cases" and "Controversies." U.S. Const. art. III, § 2. For a case or controversy to exist under Article III, the plaintiff must have a "personal stake in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). To establish standing, a plaintiff must show (1) that he suffered an "injury in fact" – an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) that it is "likely" rather than merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "If any one of these three elements—injury, causation, and redressability—is absent, plaintiffs have no standing in federal court under Article III of the constitution to assert their claim." *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing

these elements. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 & n.6 (2016). Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element. *Id.*

Plaintiff alleges no facts showing any of the standing elements. First, Plaintiff fails to show that he personally suffered an "injury in fact." *Lujan*, 504 U.S. at 560. "At an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (cleaned up). Plaintiff purports to bring this action on behalf of all African Americans in the United States and seeks reparations on their behalf for the alleged racial discrimination that they have experienced. Plaintiff, who is white, does not allege that he personally suffered an injury. "But the 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734 (1972). That a suit may be a class action "adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *Spokeo*, 578 U.S. at 338 n.6 (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)); *see also Sosna v. Iowa*, 419 U.S. 393, 402-03 (1975) (stating that there must be a named plaintiff who has an Article III case or controversy at the time a complaint is filed).

Plaintiff also allege no facts showing a causal connection between the conduct complained of and Defendants' actions. To show a causal connection between the injury in fact and Defendants' conduct, "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at

560. Because Plaintiff alleges no facts showing that the state attorneys general caused any of the conduct alleged, he fails to meet the second element of standing.

Finally, Plaintiff fails to plead a redressable injury. To meet the "redressability" prong of the standing inquiry, a plaintiff seeking injunctive relief must show that the defendant has authority to provide the relief requested. *Okpalobi*, 244 F.3d at 427. Plaintiff asks the named state attorneys general to order the United States to create an independent "African Nation," transfer 360,000 acres of land to be used for "African American Reservations," and create professional sports franchises owned by the NAACP. Dkt. 1 at 3-5. But state attorneys general have no power to order the United States to create nations, regulate land, or create sports franchises. *See* U.S. CONST., art. I, § 8, cl. 3 (empowering Congress "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes"); U.S. CONST., art. VI, cl. 2 ("This Constitution, and the Laws of the United States . . . and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."); TEX. GOV'T CODE ANN. § 402.021 (West 1987) ("The attorney general shall prosecute and defend all actions in which the state is interested before the supreme court and courts of appeals."); *Am. Ins. Ass'n v. Garamendi*, 539 U.S. 396, 415 (2003) (recognizing that the President of the United States can make executive agreements with other countries). Because Defendants have no power to redress the injuries alleged, Plaintiff has "no case or controversy" with these Defendants that will permit him to maintain this action in federal court. *Okpalobi*, 244 F.3d at 427.

In sum, Plaintiff fails to show that he has met any element for standing. Therefore, this Court lacks jurisdiction to adjudicate his claims and this case should be dismissed under § 1915(e).

Service on Defendants should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, service should be issued on Defendants at that time.

## IV. Motion to Recuse

Under 42 U.S.C. § 455(a), a judge must disqualify herself "in any proceeding in which his impartiality might reasonably be questioned." A judge also shall disqualify herself in some cases enumerated under § 455(b), including when she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 42 U.S.C. § 455(b). The purpose of Section 455 "is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988).

To obtain recusal under § 455, a movant must show that a reasonable person, knowing all the circumstances, "would harbor doubts about the judge's impartiality." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982). A reasonable and objective person's viewpoint is that of a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). "A remote, contingent, or speculative interest is not one which reasonably brings into question a judge's partiality." *Matter of Billedeaux*, 972 F.2d 104, 106 (5th Cir. 1992) (cleaned up). Adverse rulings in a case also are not an adequate basis for demanding recusal. *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992). A recusal motion under § 455 is committed to the sound discretion of the district judge. *Chitimacha Tribe*, 690 F.2d at 1165.

Plaintiff asks this Magistrate Judge to recuse herself because "[s]he is a member of the white race of the Southern United States of which this complaint is directed toward and may or may not

be directly involved in the controversy, but is most likely complicit in the matter of controversy." Dkt. 4 at 3. Plaintiff further requests that United States District Jason Pulliam oversee this proceeding because he is the "first African American judge in the United States District Court – Western District of Texas." *Id.*

"Courts have repeatedly held that matters such as race or ethnicity are improper bases for challenging a judge's impartiality." *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 138 F.3d 33, 37 (2d Cir. 1998); *see also Maringo v. Dep't of Homeland Sec.*, 351 F. App'x 867, 869 (5th Cir. 2009) (affirming denial of alien detainee's motion to recuse district judge where he questioned "the impartiality of any Caucasian or African-American judge"); *Ngiendo v. Pep-KU, LLC*, No. 18-4127-SAC-TJJ, 2019 WL 13279852, at *1 (D. Kan. Apr. 18, 2019) (denying motion to recuse because of judge's race); *LeRoy v. City of Houston*, 592 F. Supp. 415, 420 (S.D. Tex. 1984) (denying motion to recuse because of judge's race). As the Honorable Gabrielle K. McDonald stated in *LeRoy*:

> If my race is enough to disqualify me from hearing this case, then I must disqualify myself as well from a substantial portion of cases on my docket. This circumstance would cripple my efforts to fulfill my oath as a federal judge to enforce the laws of our nation. I consider that the mere happenstance of my race is not enough connection to the actual parties in this case to make recusal appropriate in the situation at hand.

*Id.*

Other than his conclusory allegations, Plaintiff fails to show how this Magistrate Judge's race "would harbor doubts about the judge's impartiality" in this case. *Chitimacha Tribe*, 690 F.2d at 1165. Accordingly, Plaintiff's Motion to Recuse (Dkt. 4) is **DENIED**.[1]

[1] Motions to recuse are nondispositive. *Myers v. United States*, No. 1:17CR18-1, 2022 WL 3043657, at *1 n.1 (M.D.N.C. Aug. 2, 2022); *Mead v. Huff*, No. 21-4092-HLT-ADM, 2022 WL 1014775, at *1 n.1 (D. Kan. Apr. 5, 2022).

## V. Order and Recommendation

For these reasons, this Magistrate Judge **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2); **DENIES** Plaintiff's Motion to Recuse (Dkt. 4); and **RECOMMENDS** that the District Court **DISMISS** this case under 28 U.S.C. § 1915(e)(2)(B).

It is **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 30, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE